# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:22-CV-303-RJC-DCK

| | |
|---|---|
| MARC HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| WILLIAM A. HARRISON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "… Motion To Dismiss For Lack Of Personal Jurisdiction" (Document No. 10) and "… Motion For Extension Of Time To Respond To Plaintiff's Motion For Summary Judgment" (Document No. 21). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motions be denied.

## I. BACKGROUND

Plaintiff Marc Hubbard ("Plaintiff" or "Hubbard"), appearing *pro se*, initiated this action with the filing of a "Complaint" (Document No. 1) on July 5, 2022. The Complaint asserts that the basis for jurisdiction is diversity, noting that Plaintiff is a citizen of North Carolina and that Defendant is a citizen of Hawaii. (Document No. 1, p. 3). However, under a section captioned "Jurisdiction and Venue" the Complaint also includes the following statements:

> Plaintiff **brings this action in The United States District Court for the District of Hawaii** on the basis of 28 U.S.C. § 1332 diversity jurisdiction. . . . Defendant's residence in the jurisdiction of Hawaii would make the District Court of Hawaii an eligible venue for this claim. 28 U.S.C. § 1391(a).

(Document No. 1, p. 6). Plaintiff then states that "[v]enue is proper in this District and defendant is subject to the personal jurisdiction of this Court because defendant's conduct caused 'a substantial part of [plaintiff's] property that is the subject of this action' to be lost in North Carolina." Id.

The crux of the Complaint is that Defendant allegedly committed legal malpractice during his representation of Plaintiff in a criminal proceeding in Hawaii, in or about 2016-2018. (Document No. 1, p. 7). The Complaint does not appear to allege *any* contacts between Defendant and this forum. (Document No. 1).

On September 14, 2022, Defendant, through counsel, timely filed a "Motion For Extension Of Time To File Answer Or Other Responsive Pleading" (Document No. 8). The Court granted the motion and set a deadline of October 17, 2022, for Defendant to "file an Answer, or otherwise respond to Plaintiff's Complaint." (Document No. 9). Defendant's "… Motion To Dismiss For Lack Of Personal Jurisdiction" (Document No. 10) was timely filed in response to the Complaint on October 17, 2022.

By the pending motion for dismissal, Defendant contends that this action should be dismissed pursuant to Fed.R.Civ.P. 12(b)(2) because "Plaintiff has failed to allege sufficient facts establishing the required minimum contacts between Harrison and the State of North Carolina to establish personal jurisdiction over him." (Document No. 10); see also (Document Nos. 11 and 12). "Plaintiff's Response To The Defendant's Motion To Di[s]miss" (Document No. 13) was filed on October 27, 2022; and Defendant's "…Reply To Plaintiff's Response To The Defendant's Motion To Dismiss" (Document No. 14) was filed on November 3, 2022.

On November 16, 2022, *pro se* Plaintiff filed a "Notice of Defendant's Motion For Summary Judgment" (Document No. 19), which the Court construes as Plaintiff's "Motion For

Summary Judgment." Plaintiff's only alleged basis for summary judgment is the contention that: "Defendant has not filed a responsive pleading to the allegations with the time required. Thus, all allegations are taken as true and thus there is no genuine issue of fact or law." (Document No. 19, p. 2).

Defendant's "… Motion For Extension Of Time To Respond To Plaintiff's Motion For Summary Judgment" (Document No. 21) was filed on November 30, 2022. Defendant suggests the response deadline should be extended because if the Court grants his motion to dismiss, the motion for summary judgment will be mooted. (Document No. 21, p. 3).

The pending motions are ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A party invoking federal court jurisdiction has the burden of establishing that personal jurisdiction exists over the defendant. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

> When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of evidence. . . . [W]hen, as here, the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge. In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.

Combs, 886 F.2d at 676. (internal citations omitted). "Mere allegations of in personam jurisdiction are sufficient for a party to make a prima facie showing." Barclays Leasing, Inc. v. National

Business Systems, Inc., 750 F.Supp. 184, 186 (W.D.N.C. 1990). The plaintiff, however, "may not rest on mere allegations where the defendant has countered those allegations with evidence that the requisite minimum contacts do not exist." IMO Industries, Inc. v. Seim S.R.L., 3:05-CV-420-MU, 2006 WL 3780422 at *1 (W.D.N.C. December 20, 2006). "Rather, in such a case, the plaintiff must come forward with affidavits or other evidence to counter that of the defendant . . . factual conflicts must be resolved in favor of the party asserting jurisdiction...." Id.

There are two varieties of personal jurisdiction, general and specific. General jurisdiction requires "substantial" or "continuous and systematic" contacts or activities in the forum state and is not at issue in the instant case. Specific jurisdiction exists when a court exercises personal jurisdiction over a defendant in a suit *arising out of* or *related to* the defendant's contacts with the forum. Helicopterous Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n. 8 (1984).

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. The Fourth Circuit has "synthesized the Due Process Clause for asserting specific jurisdiction into a three-part test . . . '(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" New Wellington, 416 F.3d at 294 (citing Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004).

### III. DISCUSSION

**Dismissal**

The undersigned finds that *pro se* Plaintiff's Complaint includes at least two (2) deficiencies that support Defendant's pending "… Motion To Dismiss…" (Document No. 10). See (Document No. 1). However, instead of recommending dismissal of this action, the

4

undersigned recommends that in the interests of justice, judicial economy, and efficient case management, *pro se* Plaintiff be allowed an opportunity to file an Amended Complaint.

First, as noted above, there is language in the Complaint stating that Plaintiff "brings this action The United States District Court for the District of Hawaii" and that the "District of Hawaii [is] an eligible venue for this claim." (Document No. 1, p. 6); see also (Document No. 12, p. 2). The undersigned assumes Plaintiff's statement regarding where he is filing his action is simply a scrivener's error and is easily corrected. Nevertheless, since jurisdiction is the basis for Defendant seeking dismissal, it would be better if the pending Complaint was precise about such details.

Second, and related to the first point, Defendant accurately asserts that the Complaint does not include "any allegation of any connection Harrison bears to North Carolina, much less 'purposeful availment' through 'continuous and systematic' contacts," or "allege anywhere in the Complaint that Harrison availed himself of any North Carolina privileges whatsoever." (Document No. 12, pp. 5-6). According to Defendant, all the allegations in the Complaint relate to a "perceived conflict of interest or breach of the duty of loyalty . . . in Hawaii" and support jurisdiction in Hawaii. (Document No. 12, p. 6).

The undersigned notes that in the "Plaintiff's Response…" and other briefing, *pro se* Plaintiff alleges for the first time that Defendant had sufficient contacts with North Carolina to support jurisdiction here. See (Document Nos. 13, 17, 18, 20). Plaintiff does not contend those allegations are included in the Complaint; nor has he, to date, sought to amend the Complaint.

Under the circumstances of this case, the undersigned finds that this case is more likely to be resolved on the merits if Plaintiff files an Amended Complaint. The undersigned expresses no opinion at this time as to whether Plaintiff's subsequent allegations of Defendant's contacts with North Carolina are sufficient to support jurisdiction here, but it seems to be in the best interests of

5

the parties and the Court for Plaintiff to be allowed a chance to amend. If Plaintiff is directed to file an Amended Complaint, the undersigned respectfully suggests that Plaintiff carefully consider Defendant's current arguments in support of dismissal before filing an amended pleading.

**<u>Summary Judgment</u>**

Although the pending "Motion For Summary Judgment" (Document No. 19) has not been referred, the undersigned's review of the case and the "… Motion For Extension Of Time To Respond To Plaintiff's Motion For Summary Judgment" (Document No. 21) directs that the undersigned respectfully recommend that *pro se* Plaintiff's "Motion For Summary Judgment" be denied. It appears that Plaintiff's motion is based on a misunderstanding of the Court's Orders and is wholly without merit. As noted above, Defendant timely filed a motion for extension of time to respond to the Complaint and the Court subsequently allowed Defendant leave to "file an Answer, *or otherwise respond to Plaintiff's Complaint*" on or before October 17, 2022. (Document No. 9) (emphasis added). Defendant's other response – his "… Motion To Dismiss For Lack Of Personal Jurisdiction" (Document No. 10) – was then timely filed on October 17, 2022.

Based on the foregoing, Plaintiff's "Motion For Summary Judgment" is unavailing, and should be denied. Assuming the presiding judge, the Honorable Robert J. Conrad, Jr. agrees, the "… Motion For Extension Of Time To Respond To Plaintiff's Motion For Summary Judgment" (Document No. 21) would be moot, and should also be denied.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's "… Motion To Dismiss For Lack Of Personal Jurisdiction" (Document No. 10) be

6

Case 3:22-cv-00303-RJC-DCK   Document 23   Filed 12/14/22   Page 6 of 8

**DENIED WITHOUT PREJUDICE**, and that Plaintiff be directed to file an Amended Complaint, or, in the alternative, a Notice Of Voluntary Dismissal.

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Motion For Summary Judgment" (Document No. 19) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Motion To Strike Defendant's Counter-Affidavit" (Document No. 18) and Defendant's "… Motion For Extension Of Time To Respond To Plaintiff's Motion For Summary Judgment" (Document No. 21) be **DENIED AS MOOT**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

7

**IT IS SO RECOMMENDED**.

Signed: December 13, 2022

David C. Keesler
United States Magistrate Judge