IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-303-RJC-DCK

| MARC HUBBARD, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | MEMORANDUM AND RECOMMENDATION |
| WILLIAM A. HARRISON, | ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "… Motion To Dismiss For Lack Of Personal Jurisdiction" (Document No. 29). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

### I. BACKGROUND

Plaintiff Marc Hubbard ("Plaintiff" or "Hubbard"), appearing *pro se*, first initiated this action with the filing of a "Complaint" (Document No. 1) on July 5, 2022. The Complaint alleges that Defendant committed legal malpractice during his representation of Plaintiff in a criminal proceeding in Hawaii, in or about 2016-2018. (Document No. 1, p. 7). The initial Complaint does not appear to allege any contacts between Defendant and this forum. (Document No. 1). Defendant filed a "…Motion To Dismiss For Lack Of Personal Jurisdiction" (Document No. 10) and "…Memorandum Of Law In Support…" (Document No. 12) on October 17, 2022. On December 16, 2022, *pro se* Plaintiff filed a "Motion For Summary Judgment" (Document No. 19).

In its first "Memorandum and Recommendation" filed on December 14, 2022, this Court noted that the Complaint contained at least two deficiencies that supported Defendant's motion to dismiss. (Document No. 23, p.5-6). First, the Complaint misstated where the action was being filed, and second, the Complaint did not appear to allege any contacts between Defendant and this forum. Id. Accordingly, in the interest of justice, judicial economy, and efficient case management, the undersigned allowed Plaintiff leave to file an Amended Complaint, or, in the alternative, a Notice Of Voluntary Dismissal. (Document No. 23, p. 7).

Plaintiff filed an "Amended Complaint" (Document No. 24) on December 19, 2022. The Amended Complaint asserts that Defendant purposefully availed himself of North Carolina laws by agreeing to represent a resident of North Carolina and by travelling to North Carolina several times to meet with Plaintiff regarding the criminal proceeding in Hawaii. (Document No. 24, p. 2). The Amended Complaint further contends that this Court should exercise personal jurisdiction, because North Carolina has an interest in protecting its citizens against legal malpractice, regardless of where the malpractice occurs. Id.

On January 25, 2023, in response to Plaintiff's Amended Complaint, Defendant filed a "…Motion To Dismiss for Lack of Personal Jurisdiction" (Document No. 29) and a "…Memorandum Of Law In Support Of His Motion To Dismiss Plaintiff's Amended Complaint For Lack Of Personal Jurisdiction" (Document No. 30). Defendant's motion to dismiss and supporting memorandum assert that Plaintiff's Amended Complaint fails to plead enough contacts for this Court to confer personal jurisdiction. (Document No. 30, p. 5).

"Plaintiff's Response To The Defendant's Motion To Dismiss" (Document No. 33) was filed on March 10, 2023; and Defendant's "…Reply To Plaintiff's Response To Defendant's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 36) was filed on March 23,

2023. On March 30, 2023, *pro se* Plaintiff filed "Plaintiff's Supplemental Response To The Defendant's Motion To Dismiss." (Document No. 37). On April 3, 2023, Defendant filed a "Notice Of No Intent To Reply To Plaintiff's Supplemental Response to Defendant's Motion To Dismiss" (Document No. 38), noting that Plaintiff's supplemental response was filed improperly and was not permitted under the rules of this Court.

The pending motion has been fully briefed and is ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A party invoking federal court jurisdiction has the burden of establishing that personal jurisdiction exists over the defendant. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

> When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence. . . . [W]hen, as here, the court addresses the question on the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge. In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.

Combs, 886 F.2d at 676. (internal citations omitted). "Mere allegations of in personam jurisdiction are sufficient for a party to make a prima facie showing." Barclays Leasing, Inc. v. National Business Systems, Inc., 750 F.Supp. 184, 186 (W.D.N.C. 1990). The plaintiff, however, may not rest on mere allegations where the defendant has countered those allegations with evidence that the requisite minimum contacts do not exist. IMO Industries, Inc. v. Seim S.R.L., 3:05-CV-420-MU, 2006 WL 3780422 at *1 (W.D.N.C. December 20, 2006). "Rather, in such a case, the plaintiff

3

must come forward with affidavits or other evidence to counter that of the defendant . . . factual conflicts must be resolved in favor of the party asserting jurisdiction...." Id.

There are two varieties of personal jurisdiction, general and specific. General jurisdiction requires "substantial" or "continuous and systematic" contacts or activities in the forum state and is not at issue in the instant case. Specific jurisdiction exists when a court exercises personal jurisdiction over a defendant in a suit *arising out of* or *related to* the defendant's contacts with the forum. Helicopterous Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n. 8 (1984).

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. The Fourth Circuit has "synthesized the Due Process Clause for asserting specific jurisdiction into a three-part test . . . '(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" New Wellington, 416 F.3d at 294 (citing Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004).

### III. DISCUSSION

**A. Personal Jurisdiction**

In moving to dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction, Defendant argues that Plaintiff fails to allege sufficient facts to establish the required minimum contacts between Defendant and North Carolina. (Document No. 29, p. 4). Defendant notes that this Court can exercise jurisdiction within the confines of the Fourteenth Amendment if Plaintiff can demonstrate that Defendant "purposefully availed" himself of conducting business in North Carolina. Plaintiff can meet this burden by persuading this Court of general or specific jurisdiction.

(Document No. 30, p. 5) (citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915 (2011). The undersigned will address general and specific jurisdiction in turn.

   1. **General Jurisdiction**

Defendant first argues that this Court lacks general jurisdiction over him. (Document No. 30, p. 6). In support of this argument, Defendant contends that Plaintiff does not allege continuous and systematic contacts with the forum state to make Defendant effectively "at home," as required for general jurisdiction. Id. Defendant asserts that "[a] lawyer's representation of an out-of- state client outside the client's home jurisdiction (including basic communications and litigation efforts into or in the client's home state) does not, standing alone, subject the lawyer to personal jurisdiction in the foreign venue." Id. (quoting Aufiero v. Tipton, No. 3:20-CV-314-KDB-DSC, WL 6196256 at *1).

Defendant notes that Aufiero, a case recently decided in this district, relied on Sher v. Johnson, where the 9th Circuit considered a similar personal jurisdiction issue in a legal malpractice action involving an out-of-state attorney. (Document No. 30, p.6). See Sher v. Johnson, 911 F.2d 1357 (9th Cir. 1990). In Sher, the court held that "out of state legal representation does not establish purposeful availment of the privilege of conducting activities in the forum state, where the law firm is solicited in its home state and takes no affirmative action to promote business within the forum state." Sher, 911 F.2d at 1357. Further, "purposeful availment does not follow from a few occasional meetings related to the engagement." Id.

Defendant contends that as in Sher, his one-time visit to North Carolina and his communication with Plaintiff regarding the criminal case in Hawaii, are not enough to establish general jurisdiction. (Document No. 30, p. 7). Defendant argues that while Plaintiff alleges numerous meetings with Defendant in North Carolina, Plaintiff provided no verifiable details to

5

support his claims. Id. Further, Plaintiff does not appear to argue that general jurisdiction applies in any of his pleadings.

Accordingly, the undersigned does not believe Defendant's contacts with North Carolina are sufficient to make him effectively at home in the state and agrees that Defendant is not subject to general personal jurisdiction in this Court.

**2. Specific Jurisdiction**

Defendant also argues that this Court lacks specific jurisdiction. (Document No. 30, p. 7-8). Following the Fourth Circuit's three-prong test for analyzing specific jurisdiction, Defendant makes three assertions. (Document No. 30, pp. 7-9) (citing ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002). First, Defendant asserts that he lacks any connection with North Carolina sufficient to establish purposeful availment. (Document No. 30, p. 8). Defendant argues that he has been a resident of Hawaii for over 50 years and has never owned property, maintained an office, conducted business, earned income, practiced law, or sought *pro hac vice* admission or admission by special appearance in North Carolina. Id. Defendant further contends that his representation of Plaintiff, including all communication, was solely in connection to the criminal action in Hawaii. Id.

Second, Defendant asserts that Plaintiff's claims do not arise out of forum-related activities, because they do not involve an affiliation between North Carolina and the underlying controversy. (Document No. 30, p. 8). Specifically, Defendant contends that Plaintiff's claims are based solely on a perceived conflict of interest or breach of duty by Defendant in connection with the criminal proceeding and plea deal in Hawaii. Id.

Finally, Defendant asserts that it would be constitutionally unreasonable for this Court to exercise specific jurisdiction given Defendant's lack of connection to North Carolina, the distance

6

between Hawaii and North Carolina, and the potential disruption to the full docket of cases and clients he carries in Hawaii. (Document No. 30, p. 9).

In response, Plaintiff argues that this Court should exercise specific jurisdiction over Defendant. (Document No. 33, p. 1-2). Plaintiff contends that Defendant purposefully availed himself of the privileges of conducting activities in North Carolina when he agreed to represent a resident of the state, travelled to North Carolina as a part of that representation, and engaged in conduct that caused a substantial part of Plaintiff's property to be lost in North Carolina. (Document No. 24, pp. 1-2). Plaintiff asserts that Defendant's contacts with North Carolina gave rise to Plaintiff's claims of legal malpractice, because Defendant's contacts were to prepare for the legal representation at the center of this action. (Document No. 24, p. 2). Plaintiff further argues that Defendant was paid and retained from a North Carolina account, corresponded with Plaintiff and local legal counsel in North Carolina over a four-year period, directed significant conduct affecting North Carolina commerce, and solicited Plaintiff's business in North Carolina. (Document No. 33, p. 2, 10).

Plaintiff also argues that an out-of-state lawyer representing a client in the client's home is sufficient to establish the minimum contacts necessary to justify personal jurisdiction. (Document No. 13, p. 1) (citing Livingston & Haven v. Morin, 3:20-CV-314-KDB-DSC, WL 7223255 at *7 (W.D.N.C. September 15, 2020). Plaintiff notes that courts finding personal jurisdiction in these cases reason that "attorneys can accept or reject representing clients in distant forums, and that those who accept such representation have 'fair warning' that they may be sued for malpractice in the client's forum." Id.

In reply, Defendant reasserts that Plaintiff's claims are not sufficient to support a finding of personal jurisdiction. (Document No. 36, pp. 9-10). Defendant contends that he represented

7

Plaintiff, who happens to live in North Carolina, in the same way he would represent a criminal defendant living in Nebraska or Kentucky facing criminal charges in Hawaii. (Document No. 36, p. 12). Defendant argues that nothing in the record shows that he directed activities at North Carolina, as required for personal jurisdiction. Id.

In addition, Defendant's reply asserts that courts have recognized a strong policy interest in protecting out-of-state attorneys from being subject to jurisdiction whenever they have an incidental contact with a different state. (Document No. 36, p. 14). See also Mayes v. Leipziger, 674 F.2d 178 (2nd Cir. 1982); Kowalski v. Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7 (1st Cir. 1986); and Sher, 911 F.2d at 1363. Defendant argues that this policy interest is even more pressing in criminal defense actions, given the constitutional right criminal defendants have to representation. (Document No. 36, p. 12). Defendant notes that the retainer agreement Plaintiff signed explicitly states that Defendant's legal services would be provided in relation to the criminal proceeding in Hawaii. (Document No. 36, p. 11). Defendant also points out that the retainer contains a venue provision designating Hawaii as the forum state for all actions arising out of the agreement. Id.

The undersigned notes at the outset that specific jurisdiction embodies the concept that a party who enjoys conducting business in a forum state should bear the reciprocal obligation of answering to legal claims in that forum state. International Shoe v. Washington, 325 U.S. 310, 319 (1945). However, "to justify the exercise of personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must have been so substantial that they amount to a surrogate presence and thus render the sovereignty just." Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d at 273-78 (4th Cir. 2009). The Fourth Circuit follows a three-prong test when analyzing personal jurisdiction and directs courts to consider: (1) the extent to which

the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Id.

The Fourth Circuit sets forth a number of non-exhaustive factors for courts to consider when determining whether a defendant purposefully availed itself to a forum state, including:

> (1) whether the defendant maintains offices or agents in the forum state; (2) whether the defendant owns property in the forum state; (3) whether the defendant reached into the forum state to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the forum state; (5) whether the parties deliberately engaged in significant or long-term business activities in the forum state; (6) whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship; (7) the nature, quality, and extent of the parties' communications about the business being transacted; and (8) whether the performance of contractual duties was to occur within the forum.

Universal Leather, LLC v. Koro Ar, S.A, 773 F.3d 553, 560 (4th Cir. 2014). The court's analysis is flexible and should look to the aggregate strength of the factors on a case-by-case basis. Id.

Here, it is undisputed that Defendant, an attorney living and practicing in Hawaii, represented Plaintiff, a North Carolina resident, in a criminal proceeding in Hawaii. (Document No. 30, p. 1). As a part of that representation, Defendant accepted payment from Plaintiff's North Carolina account, and communicated with Plaintiff via phone and email. (Document No. 36, p. 10). Plaintiff alleges that Defendant met with him in North Carolina numerous times but provides details and dates for only two meetings. (Document No. 33-2, p. 2). (Document No. 24-1, p. 1). Defendant concedes that he visited North Carolina in August 2015 to speak with Plaintiff but asserts that this was his only visit to the state. (Document No. 30, p. 8).

Plaintiff's contention that Defendant reached into the forum state to solicit Plaintiff's business is not persuasive. By Plaintiff's own admission, he was initially represented by Mike

9

Purpura, a practicing attorney in Hawaii. (Document No. 33, p. 2). Due to a conflict, Mr. Purpura referred the case to Defendant, resulting in the contact between Plaintiff and Defendant. Id. Neither party's pleadings contend that Defendant advertised in the forum state, sought out business from Plaintiff or other potential clients in the forum state, or communicated with Plaintiff to offer his services prior to Mr. Purpura's referral. The undersigned thus finds that Defendant's services were solicited in Hawaii, where the referral occurred.

Consequently, the undersigned finds the analysis in Aufiero and Sher to be persuasive, in that out-of-state legal representation does not necessarily establish purposeful availment in the forum state when an attorney is solicited in his home state and takes no affirmative action to promote business within the forum state. Aufiero, WL 6196256 at *2; Sher, 911 F.2d at 13. Plaintiffs' retainer payment to Defendant, along with the calls and emails exchanged between Plaintiff and Defendant, are not sufficient to create a "substantial connection" with North Carolina but are instead "normal incidents of the legal representation." See Sher, 911 F.2d at 13. Further, as in Sher, Defendant's in-person contact with Plaintiff in North Carolina was also incident to the Hawaii representation and appear to have been more for Plaintiff's convenience, as Plaintiff otherwise would have needed to travel to Hawaii for a face-to-face meeting with Defendant. Accordingly, the undersigned believes these contacts to be too attenuated to create a substantial connection with North Carolina.

Further, the undersigned does not find that Plaintiff's claims arise out of activities directed at the forum state. See Consulting Engineers, 561 F.3d at 278. The crux of Plaintiff's claim is the alleged legal malpractice that occurred in connection with the criminal proceeding in Hawaii. (Document No. 24, p. 1). The email and telephone communications between Plaintiff and Defendant, as well as the retainer agreement Plaintiff signed, were also all in relation to the

10

proceeding in Hawaii.  (Document No. 33, p. 15).  (Document No. 36, p.12).  Additionally, Defendant's in-person contact with Plaintiff in North Carolina related only to his representation of Plaintiff outside of the state.  (Document No. 33, p.13).  Thus, Plaintiff has not sufficiently alleged that Defendant's contacts with North Carolina form the basis of the suit.

Finally, since Defendant's contacts are not sufficient to create a substantial connection with this state, the undersigned finds that the exercise of personal jurisdiction would not be constitutionally reasonable, as required by the Fourth Circuit's test.  See Consulting Engineers, 561 F.3d at 279.

Accordingly, the undersigned finds that this Court should not assert specific jurisdiction over Defendant consistent with the Due Process Clause of the Fourteenth Amendment.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's "… Motion To Dismiss For Lack Of Personal Jurisdiction" (Document No. 29) be **GRANTED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude

the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: August 3, 2023

David C. Keesler
United States Magistrate Judge